**HARTMANN DOHERTY**
**ROSA BERMAN & BULBULIA**
Limited Liability Company          Attorneys At Law

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901-8219
t: 845.357.7900

August 15, 2023

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
500 Pearl Street
New York, New York 10007

Re:   **United States v. David Barteck**
      **Civil No. 23-MC-0205-LGS**

Dear Judge Schofield:

On behalf of Defendant David Barteck, please accept this letter motion requesting a pre-motion conference in advance of Defendant's filing a motion to vacate the abstract of judgment entered by the Clerk's Office on June 23, 2023.  That judgment – requested by Claimant Consolidated Edison Company of New York ("ConEd") – based upon a judgment of conviction entered in a criminal prosecution in the District of New Jersey, was entered in violation of 18 U.S.C. § 3664(m)(1)(B), which limits the rights of a victim named in a restitution order to obtaining "a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State."  It does not authorize ConEd to record such judgment, arising from a criminal case, in another state's federal (or state) courts.  Therefore, the abstract of judgment entered by the Court should be vacated.

**DISCUSSION**

On January 22, 2020, Defendant David Barteck was convicted in the District of New Jersey of Conspiracy to Commit Wire Fraud and sentenced to a five-year term of probation.  As part of the judgment of conviction entered by the Court, Mr. Barteck was ordered to make restitution in the amount of $25,485,568.07 to over 50 victims. *See* Amended Judgment of Conviction (Docket Entry 3).  ConEd was awarded $992,396.72.

On June 18, 2023, ConEd filed this action to register the District of New Jersey judgment of conviction as a foreign judgment, without notice to Defendant.  On June 23, 2023, the clerk's office issued the requested abstract of judgment.  Thereafter, ConEd apparently docketed the S.D.N.Y. judgment in New York Supreme Court, in New York County, and has issued subpoenas and frozen bank accounts in New York based upon the representation that "the judgment has been registered pursuant to 28 U.S.C. § 1963 in the United States District Court for the Southern District of New York, and docketed by the Clerk of New York County pursuant to 18 U.S.C. § 3664(m)(1)B) and CPLR 5018(b)."

As a general matter, "[t]he government is responsible for enforcing restitution orders and turning the funds collected over to victims." *United States v. Novak*, 476 F.3d 1041, 1044 (9th Cir. 2007). *See also* 18 U.S.C. § 3612(c) ("The Attorney General shall be responsible for collection of an unpaid fine or restitution ...").  As courts have recognized, unlike the broad swath of options available to the federal government to enforce a restitution order, "the enforcement mechanism

Hon. Lorna G. Schofield
August 15, 2023
Page 2

available to victims is comparatively meager." *Madigan v. Bronstein*, No. 18MC61, 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018). That is, under 18 U.S.C. § 3664(m)(1)(B), a victim identified in an order of restitution has only specifically limited rights arising from it:

> At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

Thus, Section 3664(m)(1)(B) provides that a victim named in a restitution order may: (a) obtain an abstract of judgment, (b) docket the abstract of judgment in the courts of the state where the district of conviction is located, and then (c) the abstract of judgment shall be a lien on the defendant's property in the state of the district of conviction.

Methods other than the mechanisms specifically described in Section 3664(m)(1)(B) may not be used by victims to independently enforce a restitution order:

> Subsection A of the statute expressly authorizes the United States to enforce a restitution order by the statutory remedy in the Act "or by all other available and reasonable means." Section 3664(m)(1)(B), however, prescribes only one method by which victims may enforce a restitution order. The negative implication is that Congress meant to prohibit enforcement in any other way. *See, e.g., Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S. Ct. 242, 62 L.Ed.2d 146 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."); *Botany Worsted Mills v. United States,* 278 U.S. 282, 289, 49 S. Ct. 129, 73 L. Ed. 379 (1929) ("When a statute limits a thing to be done in a particular mode, it includes a negative of any other mode." (citations omitted)).

*Schultz v. United States*, 594 F.3d 1120, 1123 (9th Cir. 2010).

Here, the order of restitution arises from a judgment of conviction entered in the District of New Jersey. Therefore, under Section 3664(m)(B)(2), enforcement by ConEd of the restitution order is limited to docketing the abstract judgment in the courts of the State of New Jersey, which shall be a lien on the property of the defendant in the State of New Jersey. Because Section 3664(m)(1)(B) does not authorize a victim to record a restitution order in another federal district (or state), or to collect against property in another state, as ConEd has done here, the judgment entered by this Court in response to ConEd's *ex parte* application must be vacated.

Hon. Lorna G. Schofield
August 15, 2023
Page 3


ConEd appears to have taken the position that – notwithstanding the specific limited rights afforded victims under the plain terms of the restitution statute – it may record (and it has recorded) the judgment of conviction in the Southern District of New York under 28 U.S.C. § 1963, and then docketed that judgment in New York state, thereby circumventing the limits imposed by Section 3664(m)(B)(2).  Section 1963, by its terms, applies to "[a] judgment in an action for the recovery of money or property," not to judgments arising from criminal prosecutions.  Indeed, research has not disclosed even a single federal case in which a criminal restitution order was recorded in another district under 28 U.S.C. § 1963.  Therefore, there is no legal basis for ConEd to have asked this Court to record the District of New Jersey judgment of conviction in the Southern District of New York, in the first instance. To the contrary, ConEd simply is attempting to circumvent the limitations imposed by 18 U.S.C. § 3664(m)(B)(2).

For these reasons, the Court should vacate the abstract of judgment entered in this matter.

Respectfully submitted,

Mark A. Berman

cc: All Counsel of Record (via ECF)