```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA,                     :
                            Plaintiff,        :        23 Misc. 205 (LGS)
                                              :
            -against-                         :        ORDER
                                              :
DAVID BARTECK,                                :
                            Defendant.        :
                                              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant David Barteck was found guilty of conspiracy to commit wire fraud under 18 U.S.C. § 1349 in the U.S. District Court for the District of New Jersey. Defendant was sentenced to five years' probation and directed to pay restitution in the amount of $25,484,568.07, including $992,396.72 to Claimant Consolidated Edison Company of NY, Inc.

WHEREAS, on June 18, 2023, Claimant initiated this case in the U.S. District Court for the Southern District of New York by filing a Clerk's Certification of a Judgment from the District of New Jersey, which attached Defendant's criminal judgment including the order of restitution.

WHEREAS, on June 23, 2023, Claimant filed in this case a proposed abstract of judgment. The same day, the Clerk of Court for the Southern District of New York issued the abstract in the amount of $992,396.72.

WHEREAS, on August 15, 2023, Defendant filed a letter requesting a pre-motion conference in advance of Defendant's anticipated motion to vacate the abstract of judgment. In the letter, Defendant argued that the judgment was registered in violation of 18 U.S.C. § 3664(m)(1)(B) and improperly pursuant to 28 U.S.C. § 1963. On August 22, 2023, Claimant filed a letter in response, arguing that its actions were proper under both statutes.

WHEREAS, an Order dated January 18, 2024, deemed Defendant's letter submission a motion to vacate the judgment. The Order permitted the parties to file any additional argument in connection with the motion, at which point the motion would be considered fully briefed. Claimant filed additional argument. Defendant did not.

### A.  18 U.S.C. § 3664(m)(1)(B)

WHEREAS, the judgment does not violate 18 U.S.C. § 3664(m)(1)(B), which states:

> At the request of a victim named in a restitution order, *the clerk of the court* shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements *relating to judgments of the court of the State where the district court is located*, the abstract of judgment *shall be a lien on the property of the defendant located in such State* in the same manner and to the same extent and under the same conditions as a judgment of *a court of general jurisdiction in that State*.

(Emphasis added). Defendant argues that, under § 3664(m)(1)(B), a victim may request an abstract of judgment only in the district in which a defendant is convicted. Defendant's interpretation is not supported by the statutory language, its legislative history or case law.

WHEREAS, the text of § 3664(m)(1)(B) states that an abstract will be issued by "the clerk of the court" without further limitation as to which court. In contrast, the three other references to a court in this provision are limited: the abstract must be filed according to the rules of "the court of the State" where "the district court" is located. The abstract then acts as a lien on the defendant's property in that state, with the same effect as judgments of "a court of general jurisdiction" in that state. Assuming as a matter of statutory interpretation that words are chosen deliberately and that different words have different meanings, "the court" is reasonably interpreted to mean any court capable of issuing an abstract of judgment. *See Force v.*

*Facebook*, Inc., 934 F.3d 53, 72 (2d Cir. 2019) (applying "the presumption that the use of different words within the same statutory scheme is deliberate").[1]

WHEREAS, nothing in the legislative history of § 3664(m)(1)(B) suggests that a victim is limited to the jurisdiction of conviction when obtaining or enforcing an abstract of judgment. Subsections (A) and (B) were enacted through the Mandatory Victims Restitution Act ("MVRA"), as part of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Pub. L. No. 104–132, § 206, 110 Stat. 1214, 1235 (1996). The legislative history indicates that the purpose of §§ 3664(m)(1)(A) and (B) was to provide greater justice for crime victims. As the Second Circuit explained:

> In 1996, Congress passed the MVRA *to help victims and to hold offenders accountable for the losses they inflict*. The MVRA made restitution mandatory for a broad swath of offenses. *The purpose of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being*.

*United States v. Maynard*, 743 F.3d 374, 377 (2d Cir. 2014) (emphasis added). The Senate Report regarding the MVRA states that "justice cannot be considered served until full restitution is made." S. Rep. No. 104-179 at 20. Floor statements emphasize the need to make victims whole. *See, e.g.*, 141 Cong. Rec. 3908 ("H.R. 665 would require criminals to come face-to-face with the harm suffered by their victims and also just as important provide the victim with some small sense of satisfaction that the system addresses their needs as well."); 141 Cong. Rec. 3911 ("Today criminals know that crime pays. Now it will pay the victims."). The final text of AEDPA states that its purpose is in part to "provide justice for victims," and both §§ 3664(m)(1)(A) and (B) appear in Title II of AEDPA, titled "Justice for Victims." 110 Stat. at

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

1214, 1235.  The legislative history and purpose therefore do not support limiting victims to the jurisdiction of conviction where no such limitation is apparent from the text.

WHEREAS, Defendant has not identified (and the Court has not found) any case in which a court rejected a victim's request for an abstract of judgment because the victim requested the abstract from a different district court than the court of conviction.  In contrast, at least one court has permitted a victim to do so.  In *United States v. Manuelian*, 298 F. Supp. 3d 255 (D. Mass. 2018), the U.S. District Court for the District of Massachusetts reached the conclusion that, under § 3664(m)(1)(B), "a victim named in a restitution order can register a judgment in another jurisdiction." *Id.* at 257.  The facts of *Manuelian* mirror the facts here.  There, the Massachusetts district court sentenced the criminal defendant to imprisonment and restitution for wire fraud.  The victim registered the Massachusetts court's judgment with the District Court for the Eastern District of New York, *id.* at 255-56, recorded the abstract of judgment with the Nassau County Clerk's Office and pursued property in the State of New York, *see* Nassau Cnty. Clerk's Office Transcript of Judgement at 2-3, *Manuelian*, 298 F. Supp. 3d 25 (No. 8 Crim. 10291), ECF No. 62-1.  The limited relevant caselaw therefore supports the conclusion that Claimant can request and receive an abstract of the New Jersey court's judgment in this district in compliance with § 3664(m)(1)(B).

WHEREAS, Defendant argues that a limitation to the jurisdiction of conviction should be read into § 3664(m)(1)(B) because the enforcement powers of victims are "meager" as compared to those bestowed on the Government in § 3664(m)(1)(A).  *See* Dkt. No. 5 at 1-2 (quoting *Madigan v. Bronstein*, No. 18 Misc. 61, 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018)).  The argument is unavailing.  Permitting a victim to obtain and enforce an abstract to enforce a restitution order in a state other that the state of conviction does nothing to constrain the broader

4

powers of the Government.  Defendants provide no authority or even policy consideration that would rationalize limiting victims to in-state enforcement of restitution orders and granting the Government additional out-of-state powers.

### B.  28 U.S.C. § 1963

WHEREAS, the abstract of judgment permissibly was registered under 28 U.S.C. § 1963, which states:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.  A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.  The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

Claimant filed a certified copy of the criminal judgment, which included an order of restitution for the payment of specified amounts of money to identified victims of Defendant's crimes.

WHEREAS, Defendant argues that § 1963 is not a permissible tool for Claimant to register the judgment in federal court because § 1963 does not apply to judgments arising from criminal prosecutions.  This argument is incorrect.  Whether a judgment is eligible for registration under § 1963 turns on the nature of the judgment, not the nature of the originating action.  *See Stiller v. Hardman*, 324 F.2d 626, 627 (2d Cir. 1963) (permitting registration under § 1963 of judgment entered on patentee's counterclaim in action for declaratory judgment of patent noninfringement because "we cannot read the statute to make registration under Section 1963 depend upon the form in which the action is brought rather than upon the nature of the judgment"); *accord Cianbro Corp. v. George H. Dean, Inc.*, 749 F. Supp. 2d 1, 2 (D. Me. 2010) (permitting registration under § 1963 of attorneys' fees award from maritime declaratory

judgment action because "[r]egistration under section 1963 is contingent upon the nature of the recovery, not the form in which the lawsuit was filed"). Monetary restitution is a judgment "for the recovery of money," 28 U.S.C. § 1963, regardless of whether it was ordered as the result of a criminal conviction. In *Manuelian*, for example, the claimant registered the judgment from the Massachusetts court's criminal restitution order in the district court for the Eastern District of New York pursuant to § 1963. Nassau Cnty. Clerk's Office Transcript of Judgement at 3, *Manuelian*, 298 F. Supp. 3d 25 (No. 8 Crim. 10291). The judgment here similarly can be registered pursuant to § 1963.

WHEREAS, Defendant argues that Claimant registered the judgment without providing adequate notice. A claimant is not required to provide notice to a defendant under either 18 U.S.C. § 3664(m)(1)(B) or 28 U.S.C. § 1963 before seeking issuance of an abstract of judgment. It is hereby

**ORDERED** that Defendant's motion to vacate judgment is **DENIED**.

Dated: April 12, 2024
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6